UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JEANNIE VARGAS, | ) | Case No.: New Case |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| v. | ) | **RELIEF AND DAMAGES** |
| | ) | |
| | ) | |
| JEFFERY SOJACK, | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

1. In August of 2018, Plaintiff Jeannie Vargas moved into a residence located in Pinellas County, Florida owned by Defendant Jeffery Sojack. Jeannie Vargas is a disabled female. Shortly after moving into the property, Ms. Vargas requested that Mr. Sojack allow her to install a ramp on the property to accommodate her disability. On January 22, 2019, Mr. Sojack informed Ms. Vargas that he would not be extending her lease. He further informed her that any upgrades or changes to the physical structure were not authorized. Prior to vacating the property in August of 2019, when her lease was up, Ms. Vargas filed a fair housing complaint with the Pinellas County Office of Human Rights. Shortly after filing her housing complaint, Ms. Vargas requested an additional day or two to move out of the property. Mr. Sojack denied Ms. Vargas' request due to her filing of a fair housing complaint. Following an investigation by the Pinellas County Office of Human

Rights and in conjunction with the Pinellas County Attorney's office, a determination of reasonable cause to believe that the Defendant acted in retaliation against the Plaintiff, in violation of the Fair Housing Act Amendments of 1988 (FHHA), including, but not limited to, 42 U.S.C.§3604(f)(3)(B). The Plaintiff has filed this present federal complaint alleging that the Defendant violated the Fair Housing Act, 42 U.S.C. §3601, *et seq.*, and related state laws through retaliation.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over the Plaintiff's federal claims under 28 U.S.C.§1331 and 28 U.S.C. §1343. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of related facts.

3. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. 1391 because the events giving rise to theses claims occurred in Pinellas Count, Florida, and the Defendant conducts business in this area.

## III. PARTIES

5. Plaintiff Jeannie Vargas is a disabled adult female individual who resides in Pinellas County, Florida.

6. Defendant Jeffery Sojack is an adult male individual who resides and does business in Pinellas County, Florida.

## IV. FACTS

7. Jeannie Vargas is a disabled female who, at the time the claims arose, was leasing a property located at 1195 Indiana St., Dunedin, Florida 34698 (hereinafter referred to as the "property").

8. The Defendant is the owner and manager of the property and was the owner and manager of the property in August of 2019.

9. In August of 2018, the Plaintiff entered into a lease for the property with the Defendant that in effect until on or about August 28, 2019.

10. During the course of her occupancy of the property, the Plaintiff requested several times that the Defendant allow her to make reasonable accommodations for her disability.

11. Specifically, the Plaintiff requested that the Defendant allow her to have a ramp installed at the back entrance to the property.

12. On or about January 22, 2019, the Defendant informed the Plaintiff that he would not be renewing or extending her lease.

13. The Defendant further informed Ms. Vargas that any upgrades or changes to the physical structure of the property were not authorized.

14. The Plaintiff filed a housing discrimination complaint with the Pinellas County Human Rights Office on August 14, 2019.

15. A copy of Ms. Vargas' complaint was mailed to Mr. Sojack on the same day.

16. On August 19, 2019, the Plaintiff contacted the Defendant and asked the Defendant to allow her to remain on the property until August 30, 2019. Ms. Vargas made this

request as she was having difficulties with the movers and she had paid a full months' rent for August 2019.

17. The Defendant refused to allow the Plaintiff to remain on the property.

18. Specifically, the Defendant respondent to the Plaintiff's request stating: "You just reported me to the human rights office. The answer is no."

19. The Defendant's refusal to allow the Plaintiff to remain on the property until the end of the month constitutes a retaliation to the Plaintiff's exercise and/or enjoyment of rights under the Fair Housing Act.

## V. CAUSES OF ACTION

### COUNT ONE

### Retaliation in Violation of the Fair Housing Act

### 42 U.S.C. §3604(f)(3)

20. Plaintiff realleges and incorporates by reference paragraphs one through nineteen (¶¶1-19) alleged in this complaint.

21. The Defendant's action in refusing the Plaintiff's request for additional time to move out due to the Plaintiff's filing of a housing discrimination complaint constitutes retaliation.

22. Pursuant to the Federal Fair Housing Act, it is unlawful to discriminate against a person on the basis of any disability. 42 U.S.C. §3604(f).

23. The Federal Fair Housing Act also establishes that discrimination includes the refusal to permit reasonable modifications of existing premises occupied so as to

afford handicapped persons full enjoyment of the premises. 42 U.S.C. §3604(f)(3)(A).

24. In order to establish a retaliation complaint, a Plaintiff must establish the following elements: (1) The Plaintiff engaged in an protected activity, (2) the Defendant subjected the Plaintiff to an adverse action, and (3) there exists a causal link between the protected activity and the adverse action. *Clark v. Pinellas County*, 2017 U.S. Dist. LEXIS 218558 (Fla. M.D. 2017).

## COUNT II

### Retaliation in Violation of the Florida Housing Act

### Fla. Stat. Ann. §760.23(7)-(9)

25. Plaintiff realleges and incorporates by reference paragraphs one through 19 (¶¶1-19) alleged in this complaint.

26. The Defendant's action in refusing the Plaintiff's request for additional time to move out due to the Plaintiff's filing of a housing discrimination complaint constitutes retaliation.

27. The Defendant's acts constitute discrimination and violate Florida Fair Housing Law, Fla. Stat. Ann. §760.23 (7)-(9).

## DEMAND FOR JURY TRIAL

28. Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable as of right.

## VI. REQUESTED RELIEF

WHEREFORE, the Plaintiff prays for entry of a judgment against the Defendant that:

29. Awards actual and compensatory damages under the Fair Housing Act, 42 U.S.C. §3613(c) and the Florida Fair Housing Act, Fla. Stat. Ann. §760.35;

30. Awards punitive damages under the Fair Housing Act, 42 U.S.C. §3601, *et seq.*, and the Florida Fair Housing Act, Fla. Stat. Ann. §760.35;

31. Declare that the has acted in retaliation against the Plaintiff's exercise and/or enjoyment of rights under the Fair Housing Act, 42 U.S.C. §3604(f)(3)(A) and the Florida Fair Housing Act, Fla. Stat. Ann. §760.23(7)-(9);

32. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring the Defendant to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants as required by the federal and state fair housing laws;

33. Award costs of suit, including reasonable attorney's fees; and

34. Award all such other relief as the Court deems just and proper.

Dated:_____

Respectfully Submitted,

_____  
Charis A. Campbell, Esquire  
Florida Bar No.: 106886  
Golden Key Law Group, PLLC.  
5030 78th Ave. N, Ste 13  
Pinellas Park, FL 33781  
Telephone: 727-317-4738  
Facsimile: 727-362-1357  
E-Mail:  Campbell @GoldenKeyLawGroup.com  
E-Service: Eserve@goldenkeylawgroup.com

_____  
Rita M. Briles, Esquire  
Florida Bar No.: 127283  
Golden Key Law Group, PLLC  
5030 78th Ave N, Ste 13  
Pinellas Park, FL 33781  
Telephone: 727-317-4738  
Facsimile: 727-362-1357  
E-Mail: Briles@GoldenKeyLawGroup.com  
E-Service: Eserve@goldenkeylawgroup.com